**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| AHMED MAREGN MOHAMED, | * |
| Plaintiff, | * |
| v. | * Civil Action No. 8:20-cv-3043-PX |
| SOLTESZ, INC., | * |
| Defendant. | * |
|  | * |
|  | *** |

**MEMORANDUM OPINION**

Plaintiff Ahmed Maregn Mohamed ("Mohamed"), proceeding pro se, brings this employment discrimination action against his former employer Defendant Soltesz, Inc. ("Soltesz"). ECF No. 1. Pending before the Court is Soltesz's motion to dismiss for failure to state a claim and for insufficient service of process (ECF No. 10); and Mohamed's "motion to request reasons for lack of action." ECF No. 14. No hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court DENIES AS MOOT Mohamed's motion at ECF No. 14; and GRANTS Soltesz's motion to dismiss the complaint without prejudice.[1]

**I.   Background**

Plaintiff Mohamed—a 51-year-old Black and Muslim Ethiopian—alleges he suffered race and age discrimination beginning his first day of work at Soltesz on December 9, 2019 and lasting through his termination on July 13, 2020. ECF No. 1 at 4–5. The Complaint allegations

---

[1] Mohamed urges the Court to "start taking action on this case" before his financial situation worsens. ECF No. 14. The Court sympathizes with Mohamed's predicament; however, it has wide discretion in how it manages its high-volume caseload. *See Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997). In any event, the resolution of these motions moots Mohamed's request.

are sparse and disjointed.  Mohamed first alleges Soltesz "fabricated" the position of "Senior Engineer II" and then hired him to fill the spot as a way to "buy time" so that Mohamed could not pursue an administrative complaint against his *former employer*, EBA Engineering.  *Id.* at 5. Mohamed does not assert that Soltesz knew about the administrative complaint or that the two employers had any kind of business relationship such that acting in tandem, as suggested, is plausible.  *See id.*  Mohamed insists that he only took the position with Soltesz because if he had turned it down, he would no longer have qualified for unemployment insurance.  *Id.*

While at Soltesz, Mohamed was "denied ownership of [his] design work," and employees with "less experience" were given more responsibility.  *Id.*  He had difficulty taking control of projects that, in his view, did not comply with certain design standards.  *Id.*  Mohamed, as a result, lodged "[m]ultiple complaints" about these design issues with senior management, including with Soltesz's Vice President.  *Id.*  Mohamed concedes these complaints "created friction and became a reason for [his] eventual … termination."  *Id.*

Soltesz, according to Mohamed, also maintained a "business relationship" with his ex-wife while the couple was embroiled in contentious divorcing proceedings.  *Id.*  Mohamed believes Soltesz "used the employment opportunity" as "leverage" to force him "to give up marital properties" in his divorce proceedings.  *Id.*  He was also "treated different[ly] for pursuing [his] divorce case."  *Id.* at 4.

At some point after his termination, Mohamed filed an administrative charge with the U.S. Equal Employment Opportunity Commission ("EEOC") against Soltesz.  ECF No. 1-1. The EEOC dismissed his complaint and issued a right-to-sue letter on October 6, 2020 after it was "unable to conclude that the information obtained establishes violations of the [relevant] statutes."  *Id.* at 2.  Mohamed then brought suit in this Court on October 20, 2020, asserting

violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*. ECF No. 1. Soltesz now moves to dismiss the Complaint for failure to state a claim and for insufficient service of process. ECF No. 10; *see also* Fed. R. Civ. P. 12(b)(5)-(6). The Court considers each argument separately.

## II. Rule 12(b)(5) Motion to Dismiss

Soltesz moves to dismiss the Complaint for insufficient service of process. ECF No. 10-1 at 9; *see also* Fed. R. Civ. P. 12(b)(5). The Court agrees service was deficient. Service of process, governed by Rule 4 of the Federal Rules of Civil Procedure ("Rule 4"), is a "prerequisite for litigating in federal court; in its absence, a court simply lacks personal jurisdiction over the defendant." *Phillips v. Univ. of Md. Balt. Cnty.*, No. ELH-19-570, 2020 WL 1820080, at *10 (D. Md. Apr. 10, 2020) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 228 (4th Cir. 2019)). Although this Court can "construe Rule 4 liberally" when the service of process, even if technically deficient, gave actual notice to the defendant, "plain requirements" for effecting service cannot be ignored. *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006) (quotations omitted); *see also Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 305 (4th Cir. 2016) ("Actual notice does not equate to sufficient service of process, even under the liberal construction of the rules applicable to a pro se plaintiff.").

Under Rule 4, a plaintiff must effectuate service either through one of the expressly authorized methods or, in this district, by following the Maryland rules for perfecting service. *See* Fed. R. Civ. P. 4(e)(1)-(2). Maryland Rule 2-121, in turn, authorizes service of process through certified mail. *See* Md. R. Civ. P. Cir. Ct. 2-121(a). Rule 4 also provides that "[a]ny

3

person who is at least 18 years old *and not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). Thus, "[e]ven when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail." *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010); *see also Thomas v. Nelms*, No. CCE-09-491, 2013 WL 593419, at *1 (M.D.N.C. Feb. 14, 2013); *Knotts v. Univ. of N.C. at Charlotte*, No. RLV-08-478, 2011 WL 650493, at *9 (W.D.N.C. Feb. 10, 2011); *Lindsey v. United States*, 448 F. Supp. 2d 37, 46 (D.D.C. 2006), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Mohamed personally sent the summons and complaint through certified mail and, thus, did not comply with Rule 4(c)(2). *See* ECF No. 3. "When service is ineffective, the Court has discretion to dismiss the action or quash service." *Thomas*, 2013 WL 593419, at *1 (collecting cases). Courts "generally allow pro se plaintiffs a chance to remedy technical insufficiencies in service of process." *Id.* (citation omitted).

The Court will allow Mohamed to cure this deficiency. Soltesz has not been prejudiced by the insufficient service; the case is in its infancy; and Soltesz knew of the suit such that it could timely move to dismiss the Complaint. The Court will permit Mohamed one opportunity to amend his Complaint as discussed below; and if he chooses to do so, he must serve the Amended Complaint in accordance with Rule 4 and the applicable Maryland rules. Once service is perfected, he must file an affidavit of service with this Court.

### III. Rule 12(b)(6) Motion to Dismiss

#### A. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A complaint need only satisfy the standard of Rule 8(a), which requires a "short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In ruling on a motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and viewed in the light most favorable to him.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Rule 8(a)(2) still requires a 'showing,'" however, "rather than a blanket assertion, of entitlement to relief." *Id.* at 555 n.3.  That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).  To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted).

While a court must liberally construe pro se complaints, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it cannot ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate."); *Bell v. Bank of Am., N.A.*, No. RDB-13-0478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obligated to ferret through a [c]omplaint … that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." (quotations omitted)).

With this standard in mind, the Court assesses the sufficiency of Mohamed's claims.

### B. Unlawful Termination – Title VII

Title VII makes it unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Where, as here, a plaintiff does not aver any direct evidence of discriminatory animus motivating the termination, the Court applies the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Witherspoon v. Brennan*, 449 F. Supp. 3d 491, 500 (D. Md. 2020); *Hartman v. Univ. of Md.*, No. ELH-10-2041, 2012 WL 3544730, at *12–13 (D. Md. Aug. 14, 2012).

Under this framework, a plaintiff must first make out a prima facie case of discrimination by showing that: (1) he is a member of a protected class; (2) who suffered adverse employment action; (3) while performing his job duties at a level that met his employer's legitimate expectations; and (4) under circumstances that raise a reasonable inference of unlawful discrimination. *See Bing v. Brivo Sys.*, 959 F.3d 605, 616 n.8 (4th Cir. 2020); *see also Miles v. Dell, Inc.*, 429 F.3d 480, 485–86 (4th Cir. 2005); *Witherspoon*, 449 F. Supp. 3d at 500. If the plaintiff makes his prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the termination. *See Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216–17 (4th Cir. 2016). If the defendant makes such a showing, the burden shifts back to the plaintiff to demonstrate that the stated ground for his termination amounts to mere pretext for discrimination. *See E.E.O.C. v. Sears Roebuck & Co.*, 243 F.3d 846, 852 (4th Cir. 2001).

Importantly, a "plaintiff need not plead a prima facie case … in order to survive a motion to dismiss." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 n.2 (2002); *see also Woods v. City of Greensboro*, 855 F.3d 639, 648 (4th Cir. 2017). While the "elements of a prima facie case

provide helpful guidance when reviewing the adequacy of the allegations," *Kelly v. Giant of Md. LLC*, No. PX-18-2495, 2019 WL 2502289, at *4 (D. Md. June 17, 2019) (quotation omitted), a plaintiff will survive dismissal provided he alleges sufficient facts to "raise a right to relief above the speculative level." *Coleman v. Md. Ct. App.*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555); *see also McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (holding the complaint must support a "reasonable inference that the defendant is liable for the misconduct alleged").

The Complaint allegations as to the Title VII claim are wholly inadequate to withstand challenge. This Court can "merely speculate" that Mohamed was terminated because of his race, religion, or national origin. *Tickles v. Johnson*, 805 Fed. Appx. 204, 208 (4th Cir. 2020). Although Mohamed is a member of protected groups and was terminated, he includes *no* facts to permit the "reasonable inference" that discriminatory animus motivated his employer's decision. *McCleary-Evans*, 780 F.3d at 585. Mohamed's barebones allegations, for instance, do not offer any detail about the circumstances surrounding his hiring, such as his qualifications or job responsibilities; his particular grievances or the specific mistreatment he experienced while at Soltesz; the nature of his disagreements with senior management; any information regarding coworkers who were similarly situated but treated differently; or the basis for his belief that his race, religion, and national origin were the cause of his termination. *See* ECF No. 1 at 5.

Additionally, the Court cannot help but notice the "obvious alternative explanation" for his termination. *McCleary-Evans*, 780 F.3d at 588 (quotation omitted); *see also Bing*, 959 F.3d at 617. By his own account, Mohamed's complaints to senior management regarding various design standards "created friction" and contributed to his "eventual … termination." ECF No. 1 at 5. Mohamed further complicates the analysis by also alleging, without factual support, that

Soltesz hired him to thwart his administrative charge against his former employer and to have "leverage" over him in his divorce proceedings. *Id.*; *see also* ECF No. 12-6. Put simply, the Complaint facts do not make plausible a Title VII discrimination claim.[2] The claim must be dismissed.

### C.     Unlawful Termination – ADEA

Plaintiff's ADEA claim alleging unlawful termination is equally deficient. The ADEA prohibits employers from discharging "or otherwise discriminat[ing] against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1); *see E.E.O.C. v. Balt. Cnty.*, 747 F.3d 267, 272 (4th Cir. 2014). A discrimination claim under the ADEA must aver facts to make plausible that one's age was not merely a motivating factor of the challenged adverse employment action; it was the "but-for" cause. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009); *Hartman v. Univ. of Md.*, 595 Fed. Appx. 179, 181 (4th Cir. 2014).

Where no direct evidence of age discrimination exists, courts apply the Title VII *McDonnell Douglas* burden-shifting framework to an ADEA claim. *Laber v. Harvey*, 438 F.3d 404, 430 (4th Cir. 2006); *see also Craddock v. Lincoln Nat'l Life Ins. Co.*, 533 F. App'x 333, 336 (4th Cir. 2013); *Tickles*, 805 Fed. Appx. at 207. As with Title VII, this framework is not a "pleading requirement" but an "evidentiary standard." *Craddock*, 533 Fed. App'x at 336 (citing *Swierkiewicz*, 534 U.S. at 510); *cf. McCleary-Evans*, 780 F.3d at 585 (applying prima facie case as guide in motion to dismiss). Thus, the Court need only decide at this stage whether the

---

[2] Plaintiff also alleges that he was "treated different[ly] for pursuing [his] divorce case." ECF No. 1 at 4. Again, the Complaint does not aver sufficient facts for the Court to understand the basis of this claim. Mohamed should bear in mind that a person's marital status qualifies as a protected characteristic under Maryland's anti-discrimination statute, *see* Md. Code Ann., State Gov't § 20-606(a), but not under Title VII. *See* 42 U.S.C. § 2000e–2.

8

.
.

allegations "state a claim to relief under the ADEA that is plausible on its face." *Craddock*, 533 Fed. App'x at 335 (quotations omitted).

As with the Title VII claim, no facts support that Mohamed was fired on account of his age. To be sure, Mohamed alleges that he is fifty-one years old, but gives no additional facts which "raise a right to relief above the speculative level." *McCleary-Evans*, 780 F.3d at 585 (quotation omitted). He does not explain, for example, how he was meeting his employer's expectations; whether he was replaced by a younger, less qualified person; or provide any other facts that support how he suffered age discrimination. Mere allegations of clashing with senior managers on "multiple" occasions do not make plausible that Mohamed was fired because of his age. *Id.* at 588 (citation omitted); ECF No. 1 at 5. This claim, too, must be dismissed.

### D. Retaliation Claims – Title VII & ADEA

The Court next turns to the retaliation claims. ECF No. 1 at 4. The Complaint avers in passing that Mohamed suffered retaliation but does not identify what specific retaliatory conduct he suffered, nor the protected activity that prompted the retaliation. *See id.* at 4–5. In his response to the motion to dismiss, Mohamed clarifies that he regards as retaliatory Soltesz's offering him a job as a senior project engineer when he had applied for a managerial position, and assigning him tasks suitable for less experienced employees as a way to "pressur[e] [him] to quit [his] job." ECF No. 12 at 2–4. He also cites as retaliatory his co-workers' pressuring him not to get a divorce and their discussions near his workstation about how he "betrayed his previous employer … by filing the complaint with the EEOC." *Id.* at 2–4, 7–8. Although a plaintiff may not amend his complaint through his brief in opposition to the motion to dismiss, *see State Farm Mut. Auto. Ins. Co. v. Slade Healthcare, Inc.*, 381 F. Supp. 3d 536, 573 (D. Md. 2019), even if the additional facts are considered, the claim fails nonetheless.

Both Title VII and the ADEA prohibit an employer from retaliating against an employee because he "has opposed any practice made an unlawful employment practice by [the respective statute], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the respective statute]." 42 U.S.C. § 2000e-3(a); *see also* 29 U.S.C. § 623(d). Retaliation claims under both statutes are governed by the same burden-shifting framework. *See Strothers v. City of Laurel*, 895 F.3d 317, 327 (4th Cir. 2018); *Stoyanov v. Winter*, No. RDB-05-1567, 2006 WL 5838450, at *11 (D. Md. July 25, 2006), *aff'd*, 266 F. App'x 294 (4th Cir. 2008). A *prima facie* case of retaliation requires a plaintiff to plausibly aver that: (1) he engaged in protected activity; (2) the employer took an adverse action against him; and (3) a causal link exists between the two. *See Strothers*, 895 F.3d at 327; *Rhoads v. F.D.I.C.*, 257 F.3d 373, 392 (4th Cir. 2001). Once the plaintiff establishes a *prima facie* retaliation claim, the burden then shifts to the defendant "to show that its purportedly retaliatory action was in fact the result of a legitimate non-retaliatory reason." *Strothers*, 895 F.3d at 328 (quotation omitted). If the defendant makes this showing, the burden shifts back to the plaintiff to show the defendant's stated reason is pretext for discrimination. *Id.* Ultimately, at the motion to dismiss stage, the complaint must make plausible that the employer took an adverse action against the plaintiff for his having engaged in protected activity. *See Booth v. Cnty. Exec.*, 186 F. Supp. 3d 479, 487 (D. Md. 2016); *Stoyanov*, 2006 WL 5838450, at *11.

Mohamed has failed to do so here. Assuming that the alleged protected activity is Mohamed's EEOC complaint against his former employer, the only possible act in response is that Mohamed's coworkers talked to him about how he "betrayed" his previous employer, a supposed "business affiliate[]" of Soltesz. *See* ECF No. 12 at 3. But coworker chatter alone does not amount to retaliation. And Mohamed offers no facts to make plausible that these

10

coworkers were at all involved in his termination or that any causal connection between his EEOC activity and his firing may be inferred. *See id.*

Even if his coworkers somehow influenced the decision to fire Mohamed, the Complaint does not allege any temporal proximity between their comments and his firing. *See Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 501 (4th Cir. 2005) ("[A] plaintiff in a retaliation case must show, at the very least, that the defendant was aware of her engaging in protected activity."); *see id.* (A "lengthy time lapse between the [defendant's] becoming aware of the protected activity and the alleged adverse action negates any inference that a causal connection exists between the two."); *see also Clarke v. DynCorp Int'l LLC*, 962 F. Supp. 2d 781, 790 (D. Md. 2013) ("[A] lapse of as little as two months between the protected activity and an adverse employment action is 'sufficiently long so as to weaken significantly the inference of causation.'" (quoting *King v. Rumsfeld*, 328 F.3d 145, 151 n.5 (4th Cir. 2003))). The Complaint facts, in short, do not make plausible a retaliation claim, and so it must be dismissed.

### E.    Dismissal With or Without Prejudice

Soltesz asks this Court to dismiss the case with prejudice. ECF No. 10-1 at 1. "[A] potentially meritorious claim, particularly by a pro se litigant, should not be unqualifiedly dismissed for failure to state a claim unless its deficiencies are truly incurable." *McLean v. United States*, 566 F.3d 391, 401 (4th Cir. 2009), *abrogated on other grounds in Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020); *see also Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013). Because Mohamed proceeds pro se and has never sought leave to amend the Complaint, the Court will allow him one opportunity to cure the pleading deficiencies. He will have twenty-eight days from the date of this Opinion and Order to file an Amended Complaint, if

he wishes. Failure to file an Amended Complaint will result in this Court dismissing the original Complaint with prejudice.

Further, Mohamed is cautioned that his pro se status does not absolve him from following the Federal Rules of Civil Procedure. Accordingly, he must also serve the summons and Amended Complaint properly, as discussed above, or risk dismissal with prejudice.

### IV. Conclusion

For the foregoing reasons, the Court DENIES AS MOOT Plaintiff's motion at ECF No. 14; GRANTS Defendant's motion to dismiss at ECF No. 10; QUASHES service of process; and DISMISSES the Complaint without prejudice. A separate Order follows.

 8/13/2021                                                              /s/
Date                                                              Paula Xinis
                                                                  United States District Judge